UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY J.,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

        Defendant.

CASE NO. C18-1401-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner partially denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1963.[2] He has a high school diploma and additional training

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

as a computer technician, and has worked as a restaurant cook, dishwasher, busboy, and server; security guard; hotel banquet houseman and maintenance worker; janitor; stocker; and merchandise loader. (AR 59, 330-41, 1977, 2017-18.)

Plaintiff applied for SSI in July 2013,[3] alleging disability beginning July 1, 1997.[4] (AR 238-46.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 170-73, 180-84.)

On November 19, 2014, ALJ Ilene Sloan held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 52-84.) On March 25, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 26-45.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on November 24, 2015 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further proceedings. (AR 2094-2111.) ALJ Sloan held another hearing on February 28, 2018 (AR 2005-33)[5], and subsequently issued a decision finding Plaintiff disabled as of April 24, 2018, but not disabled before. (AR 1939-60.) Plaintiff now seeks judicial review of that decision.

/ / /

---

[3] The record also contains documents related to prior applications and denials that became administratively final. (AR 88-99, 105-12, 1973-2004.)

[4] At the first administrative hearing, Plaintiff amended his alleged onset date to his application date, July 23, 2013. (AR 56.) This amendment led to the withdrawal and dismissal of Plaintiff's application for Disability Insurance Benefits. (AR 1939.)

[5] The Appeals Council consolidated this case with a subsequent SSI application filed in March 2016 and denied initially and upon reconsideration. (AR 2158-61, 2165-74, 2239-47.) The ALJ addressed both applications at the hearing and in her decision. (AR 1939-40, 2071.)

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked during the adjudicated period, but had not engaged in substantial gainful activity since the alleged onset date. (AR 1942.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's sleep apnea, diabetes mellitus with polyneuropathy, mild bilateral knee degenerative joint disease, obesity, traumatic glaucoma of the left eye with impaired vision, meralgia paresthetica, lumbar facet arthralgia, left ulnar neuropathy, major depressive disorder with history of intermittent psychotic features, posttraumatic stress disorder, substance abuse in remission, intellectual development disorder, and developmental learning disorder in verbal comprehension. (AR 1942-43.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 1943-47.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of light work, with additional limitations: he could occasionally climb ramps and stairs, but never climb ladders, ropes, scaffolds, or steep inclines. He could have no exposure to hazards such as moving machinery or unprotected heights. He could occasionally balance, stoop, kneel, crouch, and crawl. He could have frequent accommodation of visual limitations and

occasional field of vision and depth perception. He could understand, remember, and carry out simple and some detailed tasks. He could have occasional, brief, and superficial contact with the general public, but none of the essential elements of any task could depend on contact with the general public. He could not perform tandem tasks or tasks involving cooperative team effort. He could occasionally reach overhead with the right upper extremity. He could frequently handle and finger. (AR 1947.)

The ALJ found at step four that Plaintiff has no past relevant work (AR 1957), and proceeded to step five, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the help of the VE, the ALJ found that before April 24, 2018, Plaintiff was able to perform representative occupations such as house sitter, food assembler, and marking clerk. (AR 1958-59.) As of April 24, 2018, Plaintiff could no longer perform any jobs that exist in significant numbers in the national economy, and he therefore became disabled on that date. (AR 1959-60.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) failing to follow the Court's remand order, (2)

discounting certain medical opinions, and (3) assessing his RFC. Dkt. 10. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Remand order

Plaintiff contends that the ALJ erred in failing to comply with the court remand order as to her assessment of two medical opinions. In the remand order, the court found error in *inter alia* the ALJ's discounting of the opinion of examining providers James Hopfenbeck, M.D., and Wayne Dees, Psy.D. (*See* AR 2100-09.) Plaintiff contends that the ALJ merely reworded her reasons for discounting Dr. Hopfenbeck's opinion and "substantively echoed" reasons rejected in the court's remand order. Dkt. 10 at 3 (referencing AR 1953). Plaintiff also contends that the ALJ purported to follow the court's reasoning with respect to Dr. Dees's opinion, but instead "brazenly" failed to apply it. Dkt. 10 at 3 (citing AR 1954.)

With respect to Dr. Hopfenbeck's opinion, in the prior decision the ALJ discounted the opinion as unexplained, inconsistent with his own normal objective findings, reliant on Plaintiff's self-report, and inconsistent with Plaintiff's activities and examination findings since the previous ALJ decision. (AR 41-42.) The court found that the ALJ erred in citing only the normal objective findings, rather than noting that Dr. Hopfenbeck also described abnormal findings. (AR 2101.) The court also found that the ALJ failed to cite support for her speculation that Dr. Hopfenbeck relied on Plaintiff's self-report. (AR 2102-03.) The court went on to find that the ALJ erred in characterizing Dr. Hopfenbeck's opinion as unexplained because the ALJ failed to consider that it was supported by Dr. Hopfenbeck's clinical interview. (AR 2103-4.) Lastly, the court found that the ALJ erred in finding Dr. Hopfenbeck's opinion to be inconsistent with Plaintiff's activities and examination findings, without specifying precisely which activities and which findings. (AR 2104.)

In the current decision, the ALJ again gave Dr. Hopfenbeck's opinion little weight. She noted that Dr. Hopfenbeck listed multiple marked limitations and one severe limitation, but did not correlate any of his objective findings to those significant limitations. (AR 1953.) The ALJ also referenced her discussion of the treatment record (*see* AR 1950) to find Dr. Hopfenbeck's opinion inconsistent with the many normal findings contained in the record. (AR 1953.) The ALJ further noted that Plaintiff was able to work for almost one year during the adjudicated period, which was inconsistent with Dr. Hopfenbeck's description of marked limitations. (*Id.*) Finally, the ALJ noted that Dr. Hopfenbeck examined Plaintiff one time and reviewed only one other evaluation report, which left him with a "very limited" view of Plaintiff's longitudinal functioning. (*Id.*) While some of these reasons are similar to reasons provided in the prior decision, the ALJ sufficiently reconsidered Dr. Hopfenbeck's opinion and expanded upon her prior discussion, and thus complied with the court remand order.

Similarly, the ALJ's reconsideration of Dr. Dees's opinion on remand is also sufficient. In the current decision, the ALJ noted that Dr. Dees' opinion predates the alleged onset date by more than a year, a fact which the ALJ had not noted in the first decision and which supports discounting Dr. Dees's opinion. (AR 41, 1954.) The ALJ also explicitly elaborated on reasons found insufficient in the court remand order. (AR 1954.) Plaintiff's selective quotations notwithstanding, the ALJ sufficiently reconsidered the opinions of Drs. Hopfenbeck and Dees and thereby complied with the court remand order.

### Medical evidence

Plaintiff contends that the ALJ erred in assessing certain medical opinions: the opinions of Dr. Hopfenbeck (discussed *supra*); treating physician Sonia Olson, M.D.; treating counselor Joan Lind, MSW, MHP; and examining psychologist James Czysz, Psy.D. The Court will address each

disputed opinion in turn.

Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Dr. Hopfenbeck

As discussed above, the ALJ discounted Dr. Hopfenbeck's 2014 DSHS form opinion for several reasons: (1) Dr. Hopfenbeck listed multiple marked limitations and one severe limitation, but did not correlate any of his objective findings to those significant limitations; (2) Dr. Hopfenbeck's opinion was inconsistent with the many normal findings contained in the record; (3) Plaintiff was able to work for almost one year during the adjudicated period, which was inconsistent with Dr. Hopfenbeck's description of marked limitations; (4) Dr. Hopfenbeck

examined Plaintiff one time and reviewed only one other evaluation report, which left him with a "very limited" view of Plaintiff's longitudinal functioning. (AR 1953.)

With regard to the first reason, the ALJ compared Dr. Hopfenbeck's objective findings with his conclusions and found the conclusions to be inadequately supported:

> As noted in the prior decision, Dr. Hopfenbeck assessed marked limitations in multiple areas of functioning and severe limitation of the claimant's ability to complete a normal workday and work week without interruptions from his symptoms ([AR 1436]). These opinions are inadequately supported by Dr. Hopfenbeck's examination findings. Specifically, Dr. Hopfenbeck observed that the claimant was cooperative with positive eye contact, normal speech, and no psychomotor agitation or retardation. He was not responding to internal stimuli and was alert and fully oriented. In fact, the only behavioral abnormality noted by Dr. Hopfenbeck was restricted affect ([AR 1437]). These observations and findings fall far short of establishing marked limitations of the claimant's ability to maintain appropriate workplace behavior and severe difficulties completing a normal workday or work week without interruption. Dr. Hopfenbeck did not explain how any of his observations or findings correlate to an inability to complete a normal workday and workweek. While Dr. Hopfenbeck's exam did reveal some deficits of recall and concentration, the claimant retained the ability to follow the interview and his social functioning was unimpaired.

(AR 1953.) This explanation is more detailed than the analysis in the previous ALJ decision (AR 42), but the Court still has concerns about this line of reasoning. Although the ALJ stated that Plaintiff's social functioning was "unimpaired" (AR 1953), this finding is not located anywhere in Dr. Hopfenbeck's opinion and his report instead describes several social limitations. (AR 1434 ("gets panicky around crowds", "Isolates"), 1425 ("relates poorly to others", "isolative and avoidant").) Furthermore, the ALJ did not acknowledge the abnormal findings related to Plaintiff's fund of knowledge, abstract thought, and insight/judgment, nor the "clinical findings" section describing the impact of Plaintiff's symptoms. (AR 1435, 1437.) Although the ALJ highlighted the few normal findings included in Dr. Hopfenbeck's report (AR 1953), such as eye contact, speech, and psychomotor issues, those findings are not particularly relevant to whether

Plaintiff can complete a normal workday or workweek. In short, it appears that the ALJ ignored the portions of Dr. Hopfenbeck's opinion that are consistent with the report's conclusion, and instead cited portions that are irrelevant as a basis to discount it.

The ALJ's failure to grapple with the entirety of Dr. Hopfenbeck's report is reversible error. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("[T]he ALJ improperly cherry-picked some of the [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment."). The Court finds that remand is appropriate remedy for this error, because the record nonetheless contains conflicting evidence regarding Plaintiff's ability to work. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). On remand, the ALJ shall reconsider Dr. Hopfenbeck's opinion and either credit it or provide legally sufficient reasons to discount it.

<u>Dr. Olson</u>

Dr. Olson opined on a number of occasions that Plaintiff is "disabled" or "permanently disabled." (AR 1455-62, 1528-32, 2378-82, 2497, 2649, 2693, 2789-93.) The ALJ noted that whether Plaintiff is disabled under the Social Security Act is an issue reserved to the Commissioner. (AR 1955.) The ALJ also discussed the treatment notes accompanying Dr. Olson's opinions of disability, stating that they do not reference severe findings that would support disability. (AR 1955 (citing AR 2379-82, 2387-88, 2790-93, 2797-98, 2499, 2692, 2696).) Furthermore, although Dr. Olson opined that Plaintiff was disabled primarily due to his *inter alia* mental impairments and fainting episodes, this conclusion is contradicted by the opinions of those with expertise in these fields, such as the psychological consultants and an examining psychologist. (AR 1955 (citing AR 114-26, 148-64, 2593-97).)

Plaintiff contends that the ALJ erred in focusing on the treatment notes that Ms. Olson attached to her opinions, rather than on other treatment notes. Dkt. 10 at 10. This argument is not persuasive, given that Dr. Olson intended that the notes she attached explain her opinion. (*See, e.g.*, AR 2378-88 (opinion referring to attached notes as the basis for the opinion).) Plaintiff has not shown that the ALJ erred in considering the foundation cited by Dr. Olson herself, and has furthermore not pointed to any other notes that would support Dr. Olson's opinion. Dkt. 10 at 10.

Plaintiff also argues that the ALJ erred in failing to address each of Dr. Olson's opinions separately, but cites no authority forbidding the ALJ's practice of addressing the similar opinions in the same paragraph. Dkt. 10 at 10-11. Plaintiff has not pointed to an opinion that was overlooked in the ALJ's "haste," and thus has failed to show that the ALJ did not evaluate each medical opinion.

Plaintiff goes on to argue that the ALJ erred in citing an ophthalmology note as inconsistent with Dr. Olson's opinion that his glaucoma was disabling, because the note cited states that his glaucoma was "controlled," but it could be nonetheless disabling. Dkt. 10 at 11-12. The Court finds merit in this argument: the doctor's use of the term "controlled" to describe Plaintiff's glaucoma does not address whether the glaucoma causes any functional limitations. Because this case must be remanded, the ALJ shall seek clarification regarding the impact of Plaintiff's glaucoma, either from Dr. Olson or from a consultative examiner. The ALJ's assessment of Dr. Olson's opinions is affirmed in the other respects, but reversed as to the opinion regarding the severity of Plaintiff's glaucoma.

Ms. Lind

Ms. Lind completed a Mental Impairment Questionnaire form opinion in June 2014. (AR 1522-26.) The ALJ found that Ms. Lind did not cite clinical findings to support her conclusions,

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

and the ALJ discounted this form opinion as inconsistent with the treatment record as well as Plaintiff's activities, such as his ability to work and engage in activities that require social interaction or concentration. (AR 1956.)

Plaintiff disputes the ALJ's reasoning, noting that Ms. Lind checked boxes for different signs and symptoms. (*See* AR 1523.) It is true that Ms. Lind listed Plaintiff's symptoms, but she left blank the section asking her to list the clinical findings that support her diagnoses and assessment. (*See* AR 1524.) And although Plaintiff contends that the ALJ erred in referring to her previous discussion of the treatment record and Plaintiff's activities, he has cited no authority requiring the ALJ to restate her reasoning and citations throughout an opinion. The ALJ properly referred to that earlier discussion and explained why it was relevant to her assessment of Ms. Lind's opinion, and the Court can therefore discern the ALJ's path. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency 'explains its decision with "less than ideal clarity,"' we must uphold it 'if the agency's path may reasonably be discerned.'" (quoted sources omitted)). *See also Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). Plaintiff has not established error in the ALJ's assessment of Ms. Lind's opinion.

Dr. Czysz

Dr. Czysz examined Plaintiff in December 2015 and completed a DSHS form opinion describing his symptoms and limitations. (AR 2389-95.) The ALJ found that the marked limitations found by Dr. Czysz were unexplained and did not correlate to any of the objective findings, and that they were contradicted by the State agency opinions as well as the opinion of examining psychologist David Mashburn, Ph.D. (AR 1956.) The ALJ also noted that the State agency consultants and Dr. Mashburn had access to more of the record, but Dr. Czysz only

reviewed Dr. Hopfenbeck's opinion. (*Id.*) For these reasons, the ALJ gave little weight to Dr. Czysz's opinion. (*Id.*)

The ALJ did not err in discounting Dr. Czysz's opinion as contradicted by the State agency opinions and Dr. Mashburn's opinions, because those opinions were rendered after a review of more of the record and contradict Dr. Czysz's opinion as to the impact of Plaintiff's mental conditions. Dr. Mashburn wrote a narrative report describing Plaintiff's functioning in a variety of areas, which provides more detail and context than the checkboxes in Dr. Czysz's opinion. (AR 2593-97.) The State agency opinions rate Plaintiff's functional limitations as less severe than Dr. Czysz did, and those consultants found Plaintiff to be not disabled. (AR 114-26, 148-64.) The ALJ's reasons are therefore supported by substantial evidence and are legitimate reasons to discount Dr. Czysz's opinion.

## RFC

In light of the errors with respect to Dr. Hopfenbeck's evaluation report and Dr. Olson's opinion regarding Plaintiff's glaucoma, the Court finds that the ALJ's RFC assessment must be reconsidered as well, along with the subsequent steps in the sequential evaluation as necessary.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 29th day of July, 2019.

Mary Alice Theiler
United States Magistrate Judge